IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ANTONE L. A. KNOX,       )
                                 )
         Plaintiff,       )
                                 )
                                 )     CIV-12-163-M
v.                          )
                                 )
GINA HENDRYX, et al.,     )
                                 )
        Defendants.   )

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, brings this civil rights action pursuant to

42 U.S.C. §1983.  In his Complaint, Plaintiff alleges violations of various constitutional

rights, and with the Complaint Plaintiff has filed a Motion for Leave to Proceed *In Forma*

*Pauperis*. The matter has been referred to the undersigned Magistrate Judge for initial

proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  Plaintiff's Motion for Leave to

Proceed *In Forma Pauperis* was improvidently granted on February 21, 2012 (Doc. # 8) by

former United States Magistrate Judge Couch.  For the reasons set forth below, it is

recommended that the previous Order granting Plaintiff's Motion be vacated, that Plaintiff's

Motion be denied in accordance with 28 U.S.C. § 1915(g), and that Plaintiff be required to

pay the full $350.00 filing fee before being allowed to proceed in this action.

Title 28 U.S.C. § 1915(g), the "three strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This provision does not preclude the filing of a civil action by a prisoner with "three strikes," but it eliminates the privilege of proceeding *in forma pauperis* unless the prisoner demonstrates the "imminent danger of serious physical injury" exception. If the "imminent danger" exception is not demonstrated, the prisoner with "three strikes" may still proceed in a civil action or appeal by paying the full amount of the filing fee.

Taking judicial notice of the Court's records and other public records, Plaintiff has previously filed three civil actions that were dismissed for failure to state a claim for relief and/or as frivolous. In <u>Knox v. Watts</u>, Case No. CIV-03-413-W, filed by Plaintiff in this Court, United States District Judge West entered an Order and Judgment on September 9, 2003, dismissing the action as to all Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. In <u>Knox v. Aldridge</u>, Case No. CIV-10-44-JHP-SPS, the U.S. District Court for the Eastern District of Oklahoma entered an Order and Judgment dismissing the action under 28 U.S.C. § 1915A(b)(1). Plaintiff appealed this decision, and in an Order entered February 14, 2011, in <u>Knox v. Aldridge</u>, 412 Fed. Appx. 168, 2011 WL 489738 (10th Cir. Feb. 14, 2011)(unpublished op.) the United States Court of Appeals for the Tenth Circuit affirmed the district court's decision. In the

decision, the Tenth Circuit stated that "pursuant to 28 U.S.C. § 1915(g), one strike shall be assessed against Mr. Knox for the district court's dismissal under § 1915A" and "the dismissal of this appeal shall count as a second strike against Mr. Knox." 412 Fed. Appx. at 171, 2011 WL 489738, at * 2.  In Knox v. Bland, 632 F.3d 1290 (10th Cir. 2011), the Tenth Circuit Court of Appeals affirmed the district court's dismissal of Plaintiff's § 1983 action under 28 U.S.C. § 1915A(b)(1) as frivolous.  Taking judicial notice of the Court's own records, in Knox v. Morgan, Case No. 11-1455-M, filed in this Court, the undersigned Magistrate Judge entered a Report and Recommendation recommending that Plaintiff's motion for leave to proceed *in forma pauperis* be denied and that Plaintiff be ordered to pay the full filing fee in consideration of his prior accumulation of "three strikes" under 28 U.S.C. § 1915(g). Plaintiff filed an objection to the Report and Recommendation, and on January 9, 2012, United States District Judge Miles-LaGrange entered an Order adopting the Report and Recommendation, denying Plaintiff's motion for leave to proceed *in forma pauperis,* and dismissing the action without prejudice.  Plaintiff appealed this decision, and the Tenth Circuit Court of Appeals issued an Order on February 14, 2012, in which the court concluded that 28 U.S.C. § 1915(g) was applicable to the appeal and found that Plaintiff had failed to show cause way he should be required to pay the full filing fee before proceeding in his appeal. Knox v. Morgan, No. 12-6017 (10th Cir. Feb. 14, 2012). Because Plaintiff did not pay the filing fee as ordered, the Tenth Circuit Court of Appeals issued an order on March 12, 2012, dismissing the appeal for lack of prosecution pursuant to 10th Cir. R. 3.3(B) and 10th Cir. R. 42.1.  Knox v. Morgan, No. 12-6017 (10th Cir. Mar. 12, 2012).

It is clear from the Court's records that Plaintiff is subject to the rule in 28 U.S.C. §1915(g) barring him from proceeding *in forma pauperis* in this action unless the exception set forth in the statute applies.   In his 35-page Complaint, Plaintiff alleges he is being subjected to "imminent danger of injuries," Complaint, at 3, but Plaintiff has made no cogent, credible allegation that he is presently in danger of serious physical injury.  Because Plaintiff has not demonstrated that he is in imminent danger of serious physical injury, the exception to the application of the "three strikes" provision in 28 U.S.C. § 1915(g) does not apply. Hence, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* should be denied and the action should be dismissed unless the filing fee is paid.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Order entered February 21, 2012 (Doc. # 8) be VACATED, that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. # 2) be DENIED, and that the cause of action be DISMISSED without prejudice unless Plaintiff pays the full $350.00 filing fee within twenty (20) days from the date of any order adopting this Report and Recommendation.

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by _____May 2nd_____, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.   The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir.

4

1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___12th___ day of ___April___, 2012.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE